UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| CHARLES N. BELSSNER, | Case No. 2:17-cv-02016-JCM-GWF |
| Plaintiff, | |
| v. | **ORDER** |
| LAS VEGAS METROPOLITAN POLICE DEPARTMEN., | |
| Defendant. | |

This matter is before the Court on Plaintiff's Application for Leave to Proceed *In Forma Pauperis* (ECF No. 1), filed on July 24, 2017.

## **BACKGROUND**

Plaintiff's complaint alleges that he approached a police officer stopped in her vehicle to report a motorist driving without using headlights. He further alleges that he was restrained in handcuffs by police officers, that the police officers accused him of banging on the vehicle driving without headlights, and that the police officers issued him a citation.

## **DISCUSSION**

### I. **Application to Proceed** *in Forma Pauperis*

Plaintiff filed this instant action and attached a financial affidavit to his application and complaint as required by 28 U.S.C. § 1915(a). Reviewing Plaintiff's financial affidavit pursuant to 28 U.S.C. § 1915, the Court finds that Plaintiff is unable to pre-pay the filing fee. As a result, Plaintiff's request to proceed *in forma pauperis* in federal court is granted.

### II. **Screening the Complaint**

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to 28 U.S.C. § 1915(e). Specifically, federal courts are given the authority to

dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant/third party plaintiff who is immune from such relief. 28 U.S.C. § 1915(e)(2). A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992). A complaint may be dismissed as frivolous if it is premised on a nonexistent legal interest or delusional factual scenario. *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989). Moreover, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

The Court shall liberally construe a complaint by a pro se litigant. *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 2007). This is especially important for civil rights complaints. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). However, a liberal construction may not be used to supply an essential element of the claim absent from the complaint. *Bruns v. Nat'l Credit Union Admin.*, 12 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. See *Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129 S.Ct. 1937,

1949 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 129 S.Ct. at 1950. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id*. at 1949. Secondly, where the claims in the complaint have not crossed the line from plausible to conceivable, the complaint should be dismissed. *Twombly*, 550 U.S. at 570.

### III. Instant Complaint

#### a. Subject Matter Jurisdiction

Federal district courts are courts of limited jurisdiction, deriving their power to hear cases from specific congressional grants of jurisdiction. *United States v. Sumner*, 226 F.3d 1005, 1009 (9th Cir. 2000). Limited jurisdiction means that federal courts (1) possess only that power authorized by the Constitution or a specific federal statute and (2) do not have jurisdiction over a matter simply because the alleged wrong occurred in the same city, county, or state in which the court sits. *See* U.S. Const. art. III, § 2, cl. 1. Generally, subject matter jurisdiction may derive from diversity of the parties, which are "civil actions where the matter in controversy exceeds the sum or value of $75,000 ... and is between citizens of different States," or from claims involving a federal question, which are "civil actions arising under the Constitution, laws, or treaties of the United States." *See* 28 U.S.C. § 1331; 28 U.S.C. § 1332.

Rule 8(a)(1) of the Federal Rules of Civil Procedure states that a "claim for relief must contain ... a short plain statement of the grounds for the court's jurisdiction." Fed. R. Civ. P. 8(a)(1). The burden of proving jurisdiction rests on the party asserting jurisdiction. *See McNutt v. Gen. Motors Acceptance Corp*. 298 U.S. 178, 182–83 (1936). Plaintiff's complaint alleges that the grounds for the Court's jurisdiction is "pursuant to Code of Conduct under the Shield of Law to perform the peoples [sic] law." *See Complaint* (ECF No. 1-1), 4. Plaintiff does not provide a sufficient statement of the grounds for the court's jurisdiction nor does the complaint contain allegations demonstrating that the Court has jurisdiction.

### b. Municipal Entity Liability Under § 1983 – *Monell* Claim

Section 1983 creates a path for the private enforcement of substantive rights created by the Constitution and Federal Statutes. *Graham v. Connor*, 490 U.S. 386, 393–94 (1989). Section 1983 suits against local governments alleging constitutional rights violations by government officials cannot rely solely on respondeat superior liability. *See Whitaker v. Garcetti*, 486 F.3d 572, 581 (9th Cir. 2007); *see also Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). A plaintiff can bring a § 1983 action against a local government entity if the plaintiff can show that the entity had an established policy or custom that caused employees who implemented the policy or custom to violate the constitutional rights of others. *Monell*, 436 U.S. at 690–92; *see also, Van Ort v. Estate of Stanewich*, 92 F. 3d 831 (9th Cir. 1996). However, absent such a policy or custom, a local government entity cannot be held liable solely because one of its employees commits an unlawful wrong against another. *Id.* at 691. In other words, under *Monell*, when a municipal policy of some nature is the "driving force" behind an unconstitutional action taken by municipal employees, the municipality will be liable. *Id.*

Here, Plaintiff names the Las Vegas Metropolitan Police Department as the sole defendant in his complaint. Although unclear, Plaintiff alleges that two police officers falsified a citation that they issued him. Plaintiff does not identify a constitutional violation and Plaintiff does not demonstrate what policy or custom LVMPD implemented that was the driving force behind the officers' alleged conduct. To the extent that Plaintiff intends to bring a § 1983 claim against LVMPD, the Court dismisses such claim without prejudice, and will give Plaintiff leave to amend his complaint to state sufficient facts to state a claim, if he is able to do so.

### c. Unlawful Arrest

Plaintiff does not provide enough factual or legal basis, beyond conclusory allegations, to adequately state a claim. *See Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992) (Vague and conclusory allegations of official participation in civil rights violations are not sufficient to state a claim under Section 1983.) (citing *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). To the extent that Plaintiff is seeking private enforcement of substantive rights created by the Constitution and Federal Statutes, he may do so under the auspices of 42 U.S.C § 1983 and must

4

allege as such in his complaint. *Graham v. Connor,* 490 U.S. 386, 393-94 (1989). However, in order to state a claim under § 1983, a plaintiff "must allege the violation of a right secured by the Constitution and the laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of law." *West v. Atkins,* 487 U.S. 42, 48-49 (1988); *see also Rendell-Baker v. Kohn,* 457 U.S. 830, 838 (1982).

A claim for unlawful arrest is cognizable under § 1983 as a violation of the Fourth Amendment. *Dubner v. City and County of San Francisco,* 266 F.3d 959, 964 (9th Cir.2001). To proceed on that basis, the plaintiff must demonstrate that there was no probable cause or other justification to arrest him. *Id.* Probable cause exists when the "facts and circumstances within the officer's knowledge . . . are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense." *Michigan v. DeFillippo*, 443 U.S. 31, 37. The plaintiff bears the burden of proving the absence of probable cause. *Perez-Morciglio v. Las Vegas Metro. Police Dep't*, 820 F. Supp. 2d 1111, 1121 (D. Nev. 2011) (citing *Beck v. City of Upland,* 527 F.3d 853, 864 (9th Cir.2008)).

Plaintiff alleges that he was restrained in handcuffs by the police officers and may be attempting to set forth a claim for unlawful arrest. The Court will provide Plaintiff leave to amend his complaint to the extent he intends to set forth a claim for unlawful arrest against the individual police officers as defendants. The Court, therefore, will dismiss Plaintiff's complaint with leave to amend. Plaintiff is advised that he must provide the court with a proper factual and legal basis for his claims in his amended complaint.

If Plaintiff elects to proceed in this action by filing an amended complaint, he is informed that the court cannot refer to a prior pleading in order to make his amended complaint complete. Local Rule 15–1 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Valdez-Lopez v. Chertoff*, 656 F.3d 851, 857 (9th Cir. 2011)*; see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.1967). Once Plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original

complaint, each claim and the involvement of each defendant must be sufficiently alleged. Plaintiff is advised that litigation will not commence upon the filing of an amended complaint. Rather, the Court will need to conduct an additional screening of the amended complaint pursuant to 28 U.S.C. § 1915(e). If Plaintiff fails to file an amended complaint or fails to cure the deficiencies identified above, the Court will recommend that the complaint be dismissed with prejudice. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed *in Forma Pauperis* is **granted**. Plaintiff shall not be required to pre-pay the full filing fee of four hundred dollars ($400.00).

**IT IS FURTHER ORDERED** that Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of security therefor. This Order granting leave to proceed *in forma pauperis* shall not extend to the issuance of subpoenas at government expense.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint be **dismissed** without prejudice with leave to amend. Plaintiff shall have until **August 2, 2018** to file an amended complaint correcting the noted deficiencies.

Dated this 6th day of July, 2018.

_____
GEORGE FOLEY, JR.
UNITED STATES MAGISTRATE JUDGE