UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| CHARLES N. BELSSNER,<br><br>Plaintiff,<br>v.<br>LAS VEGAS METROPOLITAN POLICE DEPARTMEN.,<br>Defendant. | Case No. 2:17-cv-02016-JCM-GWF<br><br>**ORDER** |

This matter is before the Court on the screening of Plaintiff's First Amended Complaint (ECF No. 6), filed on September 6, 2018.

**BACKGROUND**

On July 6, 2018, the undersigned entered an order granting Plaintiff's Application to Proceed *In Forma Pauperis* and a report and recommendation that Plaintiff's Complaint against Defendant Las Vegas Metropolitan Police Force ("LVMPD") be dismissed without prejudice. *See* ECF No. 4. The Court granted Plaintiff leave to file an amended complaint to amend the deficient claims. *Id.*

**DISCUSSION**

Upon granting a request to proceed in forma pauperis and granting leave to amend, a court must additionally screen a complaint pursuant to 28 U.S.C. §1915(e). Specifically, federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant/third party plaintiff who is immune from such relief. 28 U.S.C. § 1915(e)(2). A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992). A

1

complaint may be dismissed as frivolous if it is premised on a nonexistent legal interest or delusional factual scenario. *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989). Moreover, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995). In its order and report and recommendation (ECF No. 4), the Court gave Plaintiff leave to amend the noted deficiencies of his complaint and informed Plaintiff that pursuant to Local Rule 15-1, the Court could not refer to a prior pleading in order to make his amended complaint complete. In its report and recommendation (ECF No. 4), the Court reiterated to Plaintiff that he could not refer to prior pleadings and that Plaintiff must sufficiently allege each claim and the involvement of each defendant.

**I.     Screening the Instant Complaint**

    **a.     Subject Matter Jurisdiction**

In the Court's prior screening order, Plaintiff was informed that his amended complaint must provide a short plain statement of the grounds of the court's jurisdiction pursuant to Fed. R. Civ. P. 8. Generally, subject matter jurisdiction may derive from diversity of the parties, which are "civil actions where the matter in controversy exceeds the sum or value of $75,000 ... and is between citizens of different States," or from claims involving a federal question, which are "civil actions arising under the Constitution, laws, or treaties of the United States." *See* 28 U.S.C. § 1331; 28 U.S.C. § 1332.

Plaintiff's amended complaint fails to correct the subject matter jurisdiction defects identified in this court's prior screening order. He refers to his amended complaint as a "civil rights complaint" and lists the causes of action of "willful intent to falsify police citation…," emotional distress, and equitable relief. *See Amended Complaint* (ECF No. 6). First, Plaintiff failed to (and likely cannot) assert diversity jurisdiction. Second, Plaintiff has not invoked

federal question jurisdiction by citing to a specific federal statute under which he seeks to bring his claims. It is not the Court's role to determine under which statutes Plaintiff should bring his claims or what legal theory is appropriate. Plaintiff's claims may fall within the confines of 42 U.S.C. § 1983, which creates a path for the private enforcement of substantive rights created by the Constitution and Federal Statutes. *Graham v. Connor,* 490 U.S. 386, 393-94 (1989). Plaintiff's amended complaint simply states that there was "[w]illful intent by the Officer to strip the Plaintiff of his Civil Rights…" *See Amended Complaint* (ECF No. 6), 2.

### b. Municipal Entity Liability Under § 1983 – *Monell* Claim

To the extent that Plaintiff intends to set forth civil rights claims under § 1983, he must plead that the defendant (1) acted "under color of state law" and (2) "deprived the plaintiff of rights secured by the Constitution or federal statutes." *Gibson v. U.S.*, 781 F.2d 1334, 1338 (9th Cir. 1986); *see also West v. Atkins*, 487 U.S. 42, 48 (1988); *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006). Once the plaintiff alleges that his federal rights have been violated, then a plaintiff must show that those rights were violated by a person acting under *color of state* law. Persons acting under color of state law typically include officials who in some capacity represent either the state, city or county government. *See Monroe v. Pape*, 365 U.S. 167 (1961), *partially overruled on other grounds by Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 663 (1978). For purposes of bringing a § 1983 claim, under relatively narrow and specific circumstances, a "person" can also include a municipality such as a town, city, or one of its bodies such as the police or fire department. *Monell*, 436 U.S. at 663.

A plaintiff can bring a § 1983 action against a local government entity if the plaintiff can show that the entity had an established policy or custom that caused employees who implemented the policy or custom to violate the constitutional rights of others. *Monell*, 436 U.S. at 690–92; *see also, Van Ort v. Estate of Stanewich*, 92 F. 3d 831 (9th Cir. 1996). However, absent such a policy or custom, a local government entity cannot be held liable solely because one of its employees commits an unlawful wrong against another. *Id.* at 691. In other words, under *Monell*, when a municipal policy of some nature is the "driving force" behind an unconstitutional action taken by municipal employees, the municipality will be liable. *Id.*

3

Plaintiff named LVMPD as the sole defendant in his amended complaint. He appears to allege that police officers falsely issued him a citation. However, Plaintiff does not identify a constitutional violation or civil right under which he brings his claim. In addition, Plaintiff does not demonstrate what policy or custom LVMPD implemented that was the driving force behind the officers' alleged conduct.

The Court will allow Plaintiff one more opportunity to amend his complaint and demonstrate that this Court has jurisdiction over his claims. Failure to do so, however, will result in a recommendation to the District Judge that this matter be dismissed with prejudice. Plaintiff is once again advised that his second amended complaint must be complete in and of itself and the Court will not refer to any other pleading. Once Plaintiff files a second amended complaint, the original pleadings no longer serves any function in the case. Plaintiff is further advised that litigation has not yet and will not commence upon the filing of a second amended complaint. Rather, the Court will need to conduct an additional screening of the amended complaint pursuant to 28 U.S.C. § 1915(e). Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Amended Complaint (ECF No. 6) be **dismissed** without prejudice with leave to amend. Plaintiff shall have until **December 7, 2018** to file a second amended complaint if he believes he can correct the noted deficiencies. Failure to comply with this order will result in a recommendation to the District Judge that this matter be dismissed with prejudice.

Dated this 8th day of November, 2018.

GEORGE FOLEY, JR.
UNITED STATES MAGISTRATE JUDGE